**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>815 Eddy Street<br>San Francisco, CA 94109,<br><br>and<br><br>**CENTER FOR DEMOCRACY &**<br>**TECHNOLOGY**<br>1401 K Street N.W., Suite 200<br>Washington, D.C. 20005,<br><br>     Plaintiffs,<br><br>  v.<br><br>**OFFICE OF MANAGEMENT AND BUDGET**<br>1725 17th Street, N.W.<br>Washington, DC 20503,<br><br>and<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**COMPLAINT FOR INJUNCTIVE RELIEF**</u>

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiffs seek the expedited processing and release of records requested from defendants Office of Management and Budget and Department of Justice. Specifically, plaintiffs seek the disclosure of records that document the actions of defendants and other federal agencies in response to the Executive Order on Preventing Online Censorship issued by the president on May 28, 2020.

2.  The requested records concern an "actual or alleged [f]ederal [g]overnment activity" about which there is an "urgency to inform the public," and the requests were "made by

a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 5 C.F.R. § 1303.40(e)(1)(ii); 28 C.F.R. § 16.5(e)(1)(ii). The requested records also involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(e)(1)(iv).

## JURISDICTION AND VENUE

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C. EFF is a member-supported organization working to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

5.      Plaintiff Center for Democracy & Technology ("CDT") is a non-profit public interest organization. For more than 25 years, CDT has represented the public's interest in an open, decentralized internet and worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age. In support of this mission, CDT uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

6.      Defendant Office of Management and Budget ("OMB") is the largest office within the Executive Office of the President of the United States. OMB is an "agency" within the meaning of 5 U.S.C. § 552(f).

7.      Defendant Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## BACKGROUND

8.      The Executive Order on Preventing Online Censorship was issued on May 28, 2020 ("Order").[1] The Order seeks to use the government's spending power to retaliate against online services that President Donald Trump does not like. Section 3 of the Order requires the head of each executive department and agency to review their agency's federal spending on advertising and marketing via online services and to report that spending to defendant OMB within 30 days, or by the end of June 2020.

9.      The Order requires OMB to share those reports with defendant DOJ. It further instructs defendant DOJ to "review the viewpoint-based speech restrictions imposed by each online platform identified in the report . . . and assess whether any online platforms are problematic vehicles for government speech due to viewpoint discrimination, deception to consumers, or other bad practices."

### Plaintiff EFF's FOIA Requests and Requests for Expedited Processing

10.      By letter to defendant OMB dated July 10, 2020, EFF submitted a FOIA request seeking:

> Any and all reports, memoranda, communications, or other records received by OMB from any and all federal agencies concerning their review of federal spending on advertising and marketing via online services, as required by Section 3 of the Order; and
>
> Any other documents or records created or received by OMB relating to carrying out its duties under Section 3 of the Order.

11.      In its request to defendant OMB, EFF also formally sought the expedited processing of its request because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 5 C.F.R. § 1303.40(e)(1)(ii).

12.      To date, defendant OMB has not responded to EFF's FOIA request dated July 10,

---

[1] https://www.whitehouse.gov/presidential-actions/executive-order-preventing-onlinecensorship/

2020.

13.     To date, defendant OMB has not yet released a single document responsive to EFF's FOIA request.

14.     Defendant OMB has exceeded the twenty-day statutory deadline for the processing of any FOIA request.

15.     EFF has exhausted the applicable administrative remedies with respect to its FOIA request to defendant OMB dated July 10, 2020.

16.     Defendant OMB has wrongfully withheld the requested records from EFF.

17.     By letter to defendant DOJ dated July 10, 2020, EFF submitted a FOIA request seeking:

> Any and all reports, memoranda, communications, or other records received by DOJ from OMB and any and all other federal agencies concerning their review of federal spending on advertising and marketing via online services, as required by Section 3 of the Order; and
>
> Any other documents or records created or received by DOJ relating to carrying out its duties under Section 3 of the Order.

18.     In its request to defendant DOJ, EFF also formally sought the expedited processing of its request because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(e)(1)(ii). EFF also requested expedited processing because the request involved a "matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(e)(1)(iv).

19.     By letter to EFF dated July 20, 2020, defendant DOJ acknowledged receipt of EFF's FOIA request and denied EFF's request for expedited processing.

20.     To date, DOJ has not yet released a single document responsive to EFF's FOIA request.

21.     Not only has defendant DOJ failed to expedite the processing of EFF's request, it has also exceeded the generally applicable twenty-day deadline for the processing of any FOIA request.

22.     EFF has exhausted the applicable administrative remedies with respect to it FOIA request to defendant DOJ dated July 10, 2020

23.     Defendant DOJ has wrongfully withheld the requested records from EFF.

**Plaintiff CDT's FOIA Request**

24.     By letter submitted to defendant OMB via the FOIA.gov portal on July 30, 2020, CDT submitted a FOIA request seeking:

> Any and all reports, memoranda, communications, or other records received by DOJ from OMB and any and all other federal agencies concerning their review of federal spending on advertising and marketing via online services, as required by Section 3 of the Order; and

> Any other documents or records created or received by DOJ relating to carrying out its duties under Section 3 of the Order.

25. By email to CDT dated August 3, 2020, defendant OMB acknowledged receipt of CDT's FOIA request.

26.     To date, defendant OMB has not yet released a single document responsive to CDT's FOIA request.

27.     Defendant OMB has exceeded the twenty-day statutory deadline for the processing of any FOIA request.

28.     CDT has exhausted the applicable administrative remedies with respect to its FOIA request to defendant OMB dated July 30, 2020.

29.     Defendant OMB has wrongfully withheld the requested records from CDT.

**CAUSES OF ACTION**

**Violation of the Freedom of Information Act for Failure to Expedite Processing**

30.     Plaintiffs repeat and reallege paragraphs 1-29.

31.     Defendants have violated the FOIA by failing to expedite the processing of EFF's

FOIA requests.

32.      EFF has exhausted the applicable administrative remedies with respect to defendants' failure to expedite the processing of EFF's requests.

33.      EFF is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

34.      Plaintiffs repeat and reallege paragraphs 1-29.

35.      Defendants have wrongfully withheld agency records requested by EFF and CDT by failing to comply with the statutory time limit for the processing of FOIA requests.

36.      EFF and CDT have exhausted the applicable administrative remedies with respect to defendants' wrongful withholding of the requested records.

37.      EFF and CDT are entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## <u>REQUESTED RELIEF</u>

WHEREFORE, plaintiffs pray that this Court:

1.      order defendants to process immediately the requested records in their entirety;

2.      order defendants, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiffs;

3.      order defendants to waive all fees associated with the processing and release of the requested records;

4.      provide for expeditious proceedings in this action;

5.      award plaintiffs their costs and reasonable attorney's fees incurred in this action; and

6.      grant such other relief as the Court may deem just and proper.

DATED:   September 22, 2020      Respectfully submitted,


By:  _/s/ David L. Sobel_____
    DAVID L. SOBEL
    D.C. Bar No. 360418
    Electronic Frontier Foundation
    5335 Wisconsin Avenue, N.W.
    Suite 640
    Washington, DC 20015
    (202) 246-6180

    AARON MACKEY
    D.C. Bar No. 1017004
    Electronic Frontier Foundation
    815 Eddy Street
    San Francisco, CA 94109
    (415) 436-9333

    AVERY GARDINER
    D.C. Bar No. 481404
    STAN ADAMS
    (Admitted in Maryland)
    Center for Democracy & Technology
    1401 K Street, N.W., Suite 200
    Washington, D.C. 20005
    (202) 637-9800

    Attorneys for Plaintiffs
    ELECTRONIC FRONTIER FOUNDATION
    and CENTER FOR DEMOCRACY &
    TECHNOLOGY